**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IRFAN MAHMOOD, et al.,

    Plaintiffs,

v.                                              Case No. 09-14529

U.S. MEDICAL MANAGEMENT, LLC, et al.,

    Defendants.
                                                     /

**ORDER DENYING DEFENDANTS' "MOTION TO SEAL COURT FILE"**

Pending before the court is Defendants' "Motion to Seal Court File," filed on December 10, 2009. Plaintiffs filed a response to the Motion on December 22, 2009. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

This litigation was initiated by Plaintiffs on November 19, 2009. In their Complaint, Plaintiffs asserted various claims against Defendants related to their allegedly fraudulent operation and purchase of multiple health care facilities. The day after the Complaint was filed, Plaintiffs voluntarily dismissed their action. According to Defendants, on the same day, Plaintiffs filed a virtually identical complaint in Oakland County Circuit Court.[1] Defendants now argue that Plaintiffs' Complaint makes

---

[1] Defendants claim this is evidence of an "egregious case of forum shopping," but there is nothing inherently improper in voluntarily dismissing a case without prejudice and refiling the case in another forum. There could be a variety of reasons for such a choice, such as choosing to forego the federal claim, preference of state court procedures, or a perception that litigating the case in the alternative forum would be more economical or efficient. In any event, the federal rules contemplate a voluntary dismissal without prejudice to a plaintiff's right to re-file the same case, Fed. R. Civ. P. 41(a), and the court finds nothing inappropriate in Plaintiffs' decision to do so in this case.

accusations that "publicly disparage and defame Defendants and their medical businesses." (Defs.' Mot. Br. at 1.) Defendants also assert that Plaintiffs' choice to dismiss the federal action has deprived them of the chance to "prove the frivolity and scurrilous nature of the Complaint." (*Id.*) Defendants request that the case be sealed "[a]s there is no justifiable reason to allow public access to the scurrilous and destructive allegations" in the Complaint. (*Id.* at 2.) The court will deny the motion.

Complaints and other documents filed on the court's docket should generally remain public. The Sixth Circuit has held that "both civil and criminal trials are presumptively open proceedings and open records are fundamental to our system of law." *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.,* 823 F.2d 159, 163 (6th Cir. 1987) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177-79 (6th Cir. 1983)). While this court "has supervisory power over its own records and files, its discretionary powers to seal these records, " the court must consider "the 'long-established legal tradition,' which recognizes 'the presumptive right of the public to inspect and copy.'" *Id.* (quoting *In re Knoxville News Sentinel Co.*, 723 F.2d 470, 473-74 (6th Cir. 1983)). Here, the court is not persuaded that Defendants have identified any compelling reason to overcome the presumptive rule that court records should remain public.

Defendants argue that Plaintiffs Complaint is based on false accusations and Defendants have been deprived an opportunity to dispute these accusations, but this argument is misguided for several reasons. First, every complaint that is filed is considered to be based merely on allegations and is not considered "truth" until a defendant admits those allegations or the plaintiff, following discovery, is able to prove

2

the allegations at trial. The mere fact that a complaint makes allegations, or accusations, against a defendant is simply not a sufficient reason to seal that complaint. Moreover, Defendants' argument is logically flawed because sealing this federal action would have little effect on any alleged harm to Defendants' reputation because, as Defendants' assert, Plaintiffs have filed a virtually identical complaint in state court, which itself presumably remains on a public docket. Finally, through the filing of their motion to seal, Defendants have been given an opportunity to do that which they contend they were deprived of when Plaintiffs' dismissed their federal action: they have been allowed to vigorously deny the allegations set forth in Plaintiffs' Complaint. Further relief is not warranted. Accordingly,

IT IS ORDERED that Defendants' "Motion to Seal Court File" [Dkt. # 5] is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: December 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 30, 2009, by electronic and/or ordinary mail.

          s/Lisa G. Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522